# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GUARANTEED RATE, INC,      )
                                )

    Plaintiff,              )
                                )

    v.                     )
                                )C.A. No. N20C-04-268 MMJ CCLD

ACE AMERICAN INSURANCE     )
COMPANY, XL SPECIALTY        )
INSURANCE COMPANY, AXIS      )
INSURANCE COMPANY and       )
ENDURANCE AMERICAN         )
INSURANCE COMPANY ,          )
                                )

    Defendants.           )

Submitted: November 1, 2021
Decided: November 16, 2021

## ORDER DENYING CERTIFICATION
## OF INTERLOCUTORY APPEAL

(1) Defendant ACE American Insurance Company has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b). Rule 42(b)(i) states: "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before final judgment." Rule 42(b)(ii) admonishes: "Interlocutory appeals should be exceptional, not routine,

because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."

(2) Assuming that the gating requirement of Rule 42(b)(i) has been satisfied, an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii). Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

(3) In this action, the Court issued an Opinion dated August 18, 2021, holding that the Professional Services Exclusion does not apply to prevent coverage under the policy. The Court granted Plaintiff's Motion for Partial Judgment on the Pleadings and denied Insurers' Cross Motion for Judgment on the Pleadings.

(4) By Order dated October 11, 2021, the Court denied Defendant ACE American Insurance Company's Motion for Reargument.

(5) Defendant ACE argues that interlocutory review is justified to address questions of law resolved for the first time in Delaware as to: the scope of a professional services exclusion in a D&O policy; and the trigger of an insurer's duty to advance defense costs. Additionally, ACE contends that interlocutory review may serve considerations of justice because it could terminate this litigation, or at least avoid the need for months of further litigation as to ACE's other defenses to coverage and as to Plaintiff GRI's bad faith claim.

(6) Plaintiff GRI opposes certification of the interlocutory appeal. GRI concedes that the August 18, 2021 Opinion decided a substantial issue about the scope of insurance coverage at issue in this case. However, GRI contends that ACE has failed to satisfy any of the Rule 42(b)(iii) criteria. The coverage determinations did not resolve any questions of law of first impression in Delaware. Rather, the Court relied on precedent and limited the rulings to the facts of this case, utilizing a narrow interpretation of the policy exclusion, and considering the policy as a whole.

(7) The Court finds that the August 18, 2021 Opinion determines substantial issues of material importance[1] by deciding whether a policy exclusion prevents coverage, and whether the facts demonstrated triggering the duty to advance defense costs. The Court does not agree that it decided issues of first impression in Delaware,

---

[1]Supr. Ct. R. 42(b).

sufficient to warrant interlocutory review. Rather, the Court examined precedent in Delaware and other jurisdictions, and interpreted insurance policy provisions in a manner more akin to determining nuance than to deciding entirely novel issues. Further, ACE has acknowledged that even if interlocutory appeal were successful, the litigation would not necessarily terminate. GRI's alternative claim for coverage under the policy's Employment Practices liability coverage section, as well as the bad faith claim, would remain. Therefore, the Court finds that the likely benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs. Thus, interlocutory review will not serve the interests of justice.

**THEREFORE,** Defendant ACE has failed to demonstrate that any of the eight criteria set forth in Delaware Supreme Court Rule 42(b)(iii) require that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of an Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston